**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT**

| | | |
|---|---|---|
| JIMMIE MCGEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 17 CV 5038 |
| KAREN WALKER and CARL WALKER, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff JIMMIE MCGEE by his attorney, SHAY T. ALLEN, and complains of the Defendants, KAREN WALKER and CARL WALKER states as follows:

## INTRODUCTION

1. This is a civil action seeking monetary damages against Defendants for committing acts or omissions of negligence against Plaintiff.

2. Plaintiff is a citizen of the State of Illinois and Defendant, KAREN WALKER, is a citizen of the State of Indiana. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

3. Plaintiff is a citizen of the State of Illinois and Defendant, CARL WALKER, is a corporation incorporated under the laws of the State of Wisconsin having its principal place of business in Wisconsin. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

4. The Court has jurisdiction under 28 U.S.C. §1332.

5. The Court also has pendant jurisdiction as provided under 28 U.S.C. §1367(a).

## PARTIES

6.   Plaintiff, JIMMIE MCGEE, is a citizen and resident of the City of Chicago, State of Illinois and the United States of America.

7.   Upon information and belief, Defendant, KAREN WALKER, is a citizen and resident of the City of Hammond, State of Illinois and the United States of America.

8.   Upon information and belief Defendant, CARL WALKER, is a citizen and resident of the City of Hammond, State of Illinois and the United States of America.

## FACTUAL ALLEGATIONS

9.   On or about to July 6 2015, Karen Walker was the owner of a vehicle travelling on at or around 174th and Kennedy Avenue, Hammond, Indiana.

10.  On information and belief, Carl Walker is the son of Karen Walker.

11.  On or about July 6, 2015, Carl Walker was the operator of Defendant's vehicle travelling on at or around 174th and Kennedy Avenue, Hammond, Indiana.

12.  On or about July 6, 2015, Jimmie McGee, was the operator of a scooter, travelling on on at or around 174th and Kennedy Avenue, Hammond, Indiana.

13.  Mr. McGee rode his scooter daily to and from work daily.

14.  On or about July 6, 2015, Mr. McGee was riding his scooter from work as usual.

15.  Mr. McGee approached a stop sign and waited behind Defendants' car who had just stopped at the sign.

16.  Defendant, CARL WALKER, turned on his right blinker as he came to a stop at the stop sign near 174th and Kennedy Avenue.

17. As Plaintiff, JIMMIE MCGEE, was approaching the stop sign, Defendant, CARL WALKER suddenly, without warning or signal, pulled left instead of turning right.

18. As a result, Defendant struck Plaintiff on the right side of his Scooter,

19. The force of the collision knocked Plaintiff to the ground in the middle of the intersection and traffic.

20. As a result of the collision, Plaintiff sustained severe personal injuries.

21. As a result of the collision, Plaintiff's Scooter sustained severe damage.

22. Plaintiff has required ongoing and continuous medical treatment.

## COUNT I

## NEGLIGENCE CLAIM

23. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

24. On or about July 6, 2015, Defendant, CARL WALKER was in possession, control, and custody of his mother's, KAREN WALKER's, vehicle.

25. Defendant owed a duty to exercise reasonable and ordinary care in the ownership, operation, and/or use of his vehicle for the benefit of other individuals on the public roadways.

26. Defendant owed a duty to exercise ordinary care not to injure Plaintiff.

27. On or about July 6, 2015, Defendant not regarding his duty to the Plaintiff and others, carelessly and negligently drove his vehicle, failed to pay attention to his surroundings while driving and forcefully struck Plaintiff.

28. Despite the duty owed to Plaintiff, Defendant committed one or more of the following acts or omissions:

    a.   failure to keep a proper lookout;

b. failure to look and see things that were obviously visible;

c. failure to use every precaution to avoid a collision;

d. failure to operate his vehicle proper under the conditions that existed so as not to endanger the safety of persons or property, in violation of Ind. Code Ann. § 9-21-8-52 (2017).

29. As a direct and proximate result of one or more of the foregoing negligent acts of the Defendant, and in consequence thereof, the Defendant's automobile struck the Plaintiff with great force, to which the plaintiff suffered injuries as hereinafter described.

30. On information and belief, Defendant, KAREN WALKER is the policyholder of American Access Casualty Company, Policy Number 1507060658 for her vehicle.

31. The Plaintiff sustained severe and permanent injuries to his foot and ankle.

32. Plaintiff suffered pain and with reasonable certainty will continue to suffer the effects of this injury for the rest of life.

## COUNT II

## WILLFUL AND WANTON MISCONDUCT

33. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

34. On July 6, 2015, Defendant CARL WALKER, not regarding his duty to Plaintiffs and others, recklessly and with utter indifference to or conscious disregard for the safety of himself to others drove his automobile negligently with the direct and proximate result that his automobile collided with the automobile operated by the Plaintiff JIMMIE MCGEE.

35. In violation of his duty to others on the public roadways, Defendant CARL WALKER, was then and there guilty of one or more of the following acts and/or omissions.

a. Operated his vehicle on a pubic roadway recklessly, heedlessly, and without due caution in manner so as to endanger any person, including that of JIMMIE MCGEE, in violation of Ind. Code Ann. § 9-21-8-52 (2017).

b. Failed to keep said vehicle under proper control and stop;

c. Operated his vehicle at a speed which was grossly too fast for the conditions considering the nature of traffic where the accident occurred.

d. Operated his vehicle at a speed which was grossly too fast for conditions and allowed his vehicle to continue moving, resulting in the collision with another vehicle which was stopped.

e. Otherwise drove his motor vehicle recklessly and with utter indifference to or conscious disregard for the safety of himself or others on the public highways.

36. That as a direct and proximate result of the foregoing willful and wanton misconduct of Defendant CARL WALKER, Plaintiff JIMMIE MCGEE was caused to sustain personal injuries, to suffer great pain, discomfort, anguish and physical impairment and she will continue to do so in the future, to expend and become liable for sums of money necessary for medical and hospital care in endeavoring to become cured of her injuries and she will continue to do so in the future, and to become monetarily injured in that he lost income that he would have otherwise earned or acquired and she will be caused to lose earnings in the future.

37. That as a direct and proximate result of the forgoing willful and wanton misconduct of Defendant CARL WALKER, Plaintiff JIMMIE MCGEE was caused to sustain great property damage to his Scooter to the point that the scooter was greatly damaged and to

become monetarily injured in that he lost his source of employment due to his physical injuries.

38. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

39. On or about July 6, 2015, Defendant, CARL WALKER, a minor was in possession, control, and custody of his parent, KAREN WALKER'S, vehicle, under the supervision of his father in the passenger seat.

40. Defendant, CARL WALKER, was driving his parent, KAREN WALKER'S vehicle with the consent of one or both parents.

41. Despite the duty owed to Plaintiff, Defendant, KAREN WALKER committed one or more of the following acts or omissions:

    a. the entrustment of her vehicle to an unlicensed minor;

    b. failure to look and see things that were obviously visible;

    c. failure to use every precaution to avoid a collision;

    d. failure to operate vehicle proper under the conditions that existed so as not to endanger the safety of persons or property, in violation of Indiana code.

42. Defendant, KAREN WALKER, was vicariously liable for DEFENDANT, CARL WALKER'S negligence.

43. That as a direct and proximate result of this negligent entrustment, Plaintiff JIMMIE MCGEE sustained great property damage to his Scooter to the point that the scooter was greatly damaged and to become monetarily injured in that he lost his source of employment due to his physical injuries.

WHEREFORE, the Plaintiff prays judgment against the Defendant, for a sum, which will adequately and fairly compensate the Plaintiff for injuries sustained, the cost of this action and attorney's fees in a sum, in excess of Seventy-Five Thousand Dollars, or such other sum as the Court and jury may deem fair.

## JURY DEMAND

Plaintiff, JIMMIE MCGEE, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

_____
Attorney for Plaintiff

The Law Office of Shay T Allen
Shay T. Allen
Attorney for Plaintiff
19150 S. Kedzie, Suite 201
Flossmoor, IL 60422
|P| 708-960-0013
|F| 708-575-1778
Attorney Code 6285625